ROBERTO CASTELLÓN, Plaintiff and Appellant, *v.* CARMEN PADÍN ET AL., Defendants and Appellees.

No. 8410. Argued November 17, 1941.—Decided December 10, 1941.

*Ortiz Toro & Ortiz Toro* for appellant. *A. Casanòva Prats* for appellees Carmen and Joaquín Padín. *F. Fernández Cuyar* for Teobaldo Casanova Prats. *R. Díaz Collazo* for assignee Sucesores de Abarca.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

█ Carmen and Joaquín Padín, defendants and appellees, have asked us to dismiss the appeal taken by Roberto Castellón, plaintiff. They allege: (*a*) that this court is without jurisdiction to hear the appeal because, as appears from the transcript of record, defendant Prudencio Collazo was never served with notice of the appeal, either personally or through counsel; and (*b*) that at the time of the filing of the notice of appeal—July 15, 1941—the plaintiff and appellant was no longer an interested party to the suit, for his right and interest in the case prosecuted by him against Carmen and Joaquín Padín, as the main action for damages to which the present action for rescission of contract is subsidiary, had been awarded to Sucesores de Abarca on April 30, 1941, the latter partnership becoming as from that date the real party in interest in both actions.

In his opposition to the dismissal sought the plaintiff and appellant alleges: (*a*) that defendant Prudencio Collazo was served with notice of the appeal through his counsel, Attorney Abelardo Casanova Prats, who appears as attorney of record of said defendant; and (*b*) that the plaintiff and appellant is the real party in interest in the two actions, even though Sucesores de Abarca holds also a limited interest in the case, as shown by a written agreement entered into by the appellant and Sucesores de Abarca, which has been introduced in evidence. There was also produced the record of civil case No. 32160 of the District Court of San Juan, in which the judgment giving rise to the present appeal was entered. The following facts appear from said record: That

Prudencio Collazo, Carmen Padín's husband, notwithstanding having been summoned together with his wife and served with a copy of the original complaint, never appeared to plead at all to said complaint. The plaintiff failed to move for the entry of said defendant's default. The only time Attorney Casanova Prats appeared as counsel for Prudencio Collazo was on January 23, 1941, when he moved for a speedy ruling on the demurrer interposed by the other defendants to the original complaint. The said attorney alleges that the name of Collazo was inserted by mistake; that he was authorized to represent said defendant; and that in all documents prepared subsequent to January 23, 1941, the mistake was corrected by striking out the name of Collazo and setting down only those of his clients, Carmen and Joaquín Padín.

After the original complaint had been dismissed upon the sustaining of said demurrer, the plaintiff filed his first amended complaint and served notice thereof only on Carmen and Joaquín Padín. It is true that the notice was prepared to be signed by "attorney for the defendants" and that a clerk in the office of Attorney Casanova Prats added to it the names of Carmen and Joaquín Padín, but such amendment is justified by the fact that the above-mentioned attorney never represented all of the defendants, inasmuch as Teobaldo Casanova Prats, one of the defendants, was represented during the whole proceedings by Attorney F. Fernández Cuyar. The second amended complaint, filed on July, 1, 1941, was not served on Prudencio Collazo either.

The notice of the present appeal was served on Attorney Casanova Prats on July 16, 1941. Underneath the space left for his signature the following legend appeared: "Attorney for Carmen and Joaquín Padín and for Prudencio Collazo." Attorney Casanova signed the notice and crossed out the words "and for Prudencio Collazo." The said notice was not filed in the office of the clerk of the district court

until six days had elapsed from the service thereof, that is, on July 22, 1941.

In view of the facts just stated by us, we hold that the notice of appeal was never served on Prudencio Collazo.

■■ The only question left for our determination is as follows: Is the service of the notice of appeal on defendant Prudencio Collazo indispensable for this court to take cognizance of the appeal taken by the appellant?

The essential facts of the complaint are as follows: One Segarra brought an action of debt against Roberto Castellón and attached property belonging to him to secure the judgment. Joaquín Padín and Carmen Padín, wife of Prudencio Collazo, executed a bond to answer for any damage that might be caused him by the attachment levied at the instance of Segarra. The action of Segarra against Castellón was dismissed. In the bond executed by her, Carmen Padín stated that she was the exclusive owner of a house located in San Juan. The District Court of San Juan adjudged Carmen and Joaquín Padín to pay to Castellón one thousand dollars, together with interest thereon, costs, and attorney's fees. The plaintiff alleged that for the purpose of defrauding him and rendering ineffective the bond and the judgment in his favor, Joaquín and Carmen Padín had made a simulated conveyance of their property to defendant Teobaldo Casanova Prats, and prayed that the conveyance be set aside as having been made in fraud of the plaintiff creditor.

Sections 54 and 55 of the Code of Civil Procedure read as follows:

"Section 54.—When a married woman is a party, her husband must be joined with her, except:

"1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue or be sued alone.

"*     *     *     *     *     *     *

"Section 55.—If a husband and wife be sued together, the wife may defend her own right, and if the husband neglect to defend, she may defend for his right also."

As the property involved is the separate property of Carmen Padín, her husband Prudencio Collazo was not an indispensable party to the action against her. Under section 54, *supra,* she could have been sued alone, without the necessity of making her husband a party thereto. The latter could in no way be prejudiced if the judgment, prayed for in the complaint, were rendered; for if it were held that the conveyance to defendant Casanova Prats was simulated and fraudulent, the property would be reconveyed to defendant Carmen Padín, without any prejudice at all to her husband Prudencio Collazo, and as Prudencio Collazo is not an interested party, it is not an indispensable requisite that he should be served with notice of the appeal.

The contention that at the time of the filing of the notice of appeal the plaintiff and appellant was no longer an interested party to the suit, is without merit. From the agreement entered into between Roberto Castellón and Sucesores de Abarca, submitted in evidence in opposition to the motion to dismiss the appeal, it appears that the interest of Sucesores de Abarca is limited to $167.21, Roberto Castellón being entitled to everything else that might be recovered by the plaintiff in the actions brought by the latter against the defendants Carmen and Joaquín Padín and Teobaldo Casanova Prats.

The motion to dismiss must be denied.

Mr. Justice Todd, Jr., took no part in the decision of this case.